UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAWN E. LAWRENCE,

        Plaintiff,                                 **ORDER**
                                                     25-CV-00221-SJB-SIL

        v.

LARRY FLOWERS GROUP, P.C., and
LARRY E. FLOWERS,

        Defendants.
----------------------------------------------------------------X

**BULSARA, United States District Judge:**

        Plaintiff Shawn E. Lawrence ("Plaintiff") filed this pro se action on January 13, 2025, and, on January 16, 2025, he paid the filing fee. (Compl. dated Jan. 13, 2025, Dkt. No. 1; Civil Filing Fee dated Jan. 16, 2025, Dkt. No. 4.) Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

        On January 28, 2025, the Court directed Plaintiff to request a summons from the Clerk of Court and serve Defendants with the summons and Complaint by April 14, 2025, as required by Fed. R. Civ. P. 4(m). (Order dated Jan. 28, 2025, Dkt. No. 5). Plaintiff was warned that failure to serve Defendants by April 14, 2025, or show good cause why Defendants were not served by that date, would result in the Complaint being dismissed without prejudice. (*Id.*). A copy of that Order, along with two blank

summonses, were mailed to Plaintiff at his address of record on January 29, 2025. (Confirmation of Mailing dated Jan. 29, 2025).

On April 23, 2025, the Court again directed Plaintiff to complete service on Defendants by a new deadline of May 23, 2025. (Order dated Apr. 23, 2025, Dkt. No. 6). Plaintiff was, thus, afforded one final opportunity to effectuate service, and warned that failure to do so would result in the case being dismissed without prejudice. (*Id.*). A copy of that Order was mailed to Plaintiff on April 24, 2025; two more blank summonses were also mailed to Plaintiff on May 16, 2025. (Confirmation of Mailing dated Apr. 24, 2025; Confirmation of Mailing dated May 16, 2025).

Plaintiff has not filed any document suggesting that service has been completed; nor has Plaintiff sought an extension of time to serve. In the absence of good cause, dismissal of the Complaint is mandatory. *See Cioce v. Cnty. of Westchester*, 128 F. App'x 181, 183 (2d Cir. 2005) ("Rule 4(m) provides that the district court shall, upon motion or on its own initiative after notice to the plaintiff, dismiss without prejudice any action in which service of the summons and complaint has not been made[.]"); *e.g.*, *Klein v. Zugabie*, No. 20-CV-1975, 2021 WL 5313708, at *2 (2d Cir. Nov. 16, 2021) ("[T]he District Court also properly dismissed [Plaintiff's] malicious prosecution and conspiracy claims against police officers . . . because they were never served with a summons.").

Accordingly, the Complaint is dismissed without prejudice against Defendants Larry Flowers Group, P.C. and Larry E. Flowers. The Clerk of Court is directed to close this case. If Plaintiff wishes to continue to prosecute this action, he may refile the action anew and pay the filing fee again.

     The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at his address of record and note the mailing on the docket.

                                                **SO ORDERED.**

                                                <u>*/s/ Sanket J. Bulsara*</u>
                                                SANKET J. BULSARA
                                                United States District Judge

Dated: June 16, 2025
       Central Islip, New York